UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES COMMODITY
FUTURES TRADING COMMISSION,

     Plaintiff,

v.                                    Case No. 6:17-cv-256-Orl-37DCI

GOLD CHASERS, INC.; ROYAL
LEISURE INTERNATIONAL, INC.; and
CARLOS JAVIER RAMIREZ,

     Defendants.
_____

## ORDER

Plaintiff United States Commodity Futures Trading Commission ("**Commission**")

initiated suit against Defendants Gold Chasers, Inc. ("**GCI**"), Royal Leisure International,

Inc. ("**RLI**"), and Carlos Javier Ramirez ("**Ramirez**") based on Defendants' purported

schemes to defraud their customers in violation of the Commodity Exchange Act ("**Act**")

and Commission Regulations ("**Regulations**"). (*See* Doc. 1; *see also* Doc. 50 ("**Amended**

**Complaint**").) As relief, the Commission requests: (1) a permanent injunction; (2)

payment of restitution; and (3) imposition of a civil monetary penalty. (*See* Doc. 50,

pp. 17–19.)

Each Defendant failed to appear, so the Commission successfully obtained entries

of default against them. (Docs. 56–58.) Now, the Commission requests default judgment

against Defendants. (*See* Doc. 59 ("**Motion**").) On referral, U.S. Magistrate Judge Daniel

C. Irick recommends that the Court grant the Motion. (Doc. 60 ("**R&R**").) Specifically,

Magistrate Judge Irick found that the Commission is entitled to default judgment because "the well-pled factual allegations . . . establish that Defendants willfully and knowingly committed fraud in connection with commodity futures by knowingly making material misrepresentations and omissions in connection with the sale of gold, and by knowingly misappropriating investor funds." (*Id.* at 17–18.) He also found that the well-pled factual allegations establish the liability of all three Defendants for the conduct at issue. (*Id.* at 18.) Magistrate Judge Irick recommended the following relief: (1) a permanent injunction; (2) restitution due to investors' incurred losses; (3) a civil monetary penalty of triple the monetary gain for each violation; and (4) various forms of miscellaneous relief. (*Id.* at 18–25.)

The parties did not object to the R&R, and the time for doing so has now passed. As such, the Court has examined the R&R only for clear error. *See Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-cv-557-T-27EAJ, 2016 WL 355490, at *1 (M.D. Fla. Jan 28, 2016); *see also Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). Finding no such error, the Court finds that the R&R is due to be adopted in its entirety.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. U.S. Magistrate Judge Daniel C. Irick's Report and Recommendation (Doc. 60) is **ADOPTED, CONFIRMED**, and made a part of this Order.

2. Plaintiff's Motion and Memorandum Requesting Final Judgment by Default, Permanent Injunction, Civil Monetary Penalty, and Other Statutory and Equitable Relief (Doc. 59) is **GRANTED.**

3. Defendants are **PERMANENTLY ENJOINED** from directly or indirectly:

a.  Using or employing, or attempting to use or employ, manipulative or deceptive devices or contrivances, in connection with contracts of sale of a commodity in interstate commerce, namely gold, including: (1) misappropriating customer funds; (2) making material misrepresentations about, among other things, profits, the purchase of gold, and the risks involved; (3) failing to disclose that Defendants did not use customers' funds to purchase gold on behalf of their customers; and (4) issuing invoices to customers that falsely state that RLI purchased gold on behalf of customers, in violation of 7 U.S.C. § 9(1) (2012) and 17 C.F.R. § 180.1(a) (2016);

b.  Trading on or subject to the rules of any registered entity (as that term is defined in 7 U.S.C. § 1a(40) (2012));

c.  Entering into any transactions involving "commodity interests" for their own personal account or for any account in which they have a direct or indirect interest;

d.  Having any commodity interests traded on their behalf;

e.  Controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity interests;

f.  Soliciting, receiving or accepting any funds from any person for the purpose of purchasing or selling any commodity interests;

g.  Applying for registration or claiming exemption from registration

with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in 17 C.F.R. § 4.14(a)(9) (2016); and

h. Acting as a principal (as that term is defined in 17 C.F.R. § 3.1(a) (2016)), agent or any other officer or employee of any person (as that term is defined in 7 U.S.C. § 1a(38) (2012)), registered, exempted from registration or required to be registered with the Commission except as provided for in 17 C.F.R. § 4.14(a)(9).

4. Defendants are **ORDERED** to pay the following as restitution:

a. Defendants Ramirez and GCI shall pay, jointly and severally, restitution in the amount of seven hundred and sixty-one thousand, eight hundred and thirty-one dollars ($761,831)[1] ("**Restitution Obligation for GCI Scheme**"), plus post-judgment interest. Post-judgment interest shall accrue on the Restitution Obligation for GCI Scheme beginning on the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Order, pursuant to 28 U.S.C. § 1961 (2012).

b. Defendants Ramirez and RLI shall pay, jointly and severally,

---

[1] As Magistrate Judge Irick noted in his R&R, "Plaintiff's evidence states that Defendants' investors incurred losses in the amount of $761,832 related to the GCI Scheme, [but] Plaintiff's Motion seeks only $761,831 in restitution related to the GCI Scheme." (Doc. 60, p. 20 n.5 (citing Doc. 59, p. 32; then citing Doc. 59-6, p. 7).)

restitution in the amount of one million, nine hundred eighty thousand, eight hundred and fifty-eight dollars ($1,980,858)[2] ("**Restitution Obligation for RLI Scheme**"), plus post-judgment interest. Post-judgment interest shall accrue on the Restitution Obligation for RLI Scheme beginning on the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Order, pursuant to 28 U.S.C. § 1961 (2012). Below, the Restitution Obligation for the GCI Scheme and the Restitution Obligation for the RLI Scheme are referred to collectively as the "**Restitution Obligation**."

c.     To effect payment of the Restitution Obligation and the distribution of any restitution payments to Defendants' customers, the Court appoints the National Futures Association ("**NFA**") as Monitor ("**Monitor**"). The Monitor shall collect restitution payments from Defendants and make distributions as set forth below. Because the Monitor is acting as an officer of this Court in performing these services, the NFA shall not be liable for any action or inaction arising from NFA's appointment as Monitor, other than actions involving fraud.

---

[2] Again, the R&R states that although "Plaintiff's evidence states that Defendants' investors incurred losses in the amount of $1,980,859 related to the RLI Scheme, Plaintiff's Motion seeks only $1,980,858 in restitution related to the RLI Scheme. (Doc. 60, p. 21 n.6 (citing Doc. 59, p. 32; then citing Doc. 59-6, p. 7).)

d.   Defendants shall make Restitution Obligation payments under this Order to the Monitor in the name "Carlos Javier Ramirez – Restitution Fund" and shall send such Restitution Obligation payments by electronic funds transfer, or by U.S. postal money order, certified check, bank cashier's check, or bank money order, to the Office of Administration, National Futures Association, 300 South Riverside Plaza, Suite 1800, Chicago, Illinois 60606 under cover letter that identifies the paying Defendant(s) and the name and docket number of this proceeding. Defendants shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.

e.   Defendants shall cooperate with the Monitor as appropriate to provide such information as the Monitor deems necessary and appropriate to identify Defendants' customers to whom the Monitor, in its sole discretion, may determine to include in any plan for distribution of any Restitution Obligation payments. Defendants shall execute any documents necessary to release funds that they have in any repository, bank, investment or other financial institution, wherever located, in order to make partial or total payment toward the Restitution Obligation.

f.  The Monitor shall provide the Commission at the beginning of each calendar year with a report detailing the disbursement of funds to Defendants' customers during the previous year. The Monitor shall transmit this report under a cover letter that identifies the name and docket number of this proceeding to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.

g.  The amounts payable to each customer shall not limit the ability of any customer from proving that a greater amount is owed from Defendants or any other person or entity, and nothing herein shall be construed in any way to limit or abridge the rights of any customer that exist under state or common law.

h.  Pursuant to Rule 71, each customer of Defendants who suffered a loss is explicitly made an intended third-party beneficiary of this Order and may seek to enforce obedience of this Order to obtain satisfaction of any portion of the restitution that has not been paid by Defendants to ensure continued compliance with any provision of this Order and to hold Defendants in contempt for any violations of any provision of this Order.

i.  To the extent that any funds accrue to the U.S. Treasury for satisfaction of Defendants' Restitution Obligation, such funds shall be transferred to the Monitor for disbursement in accordance with

the procedures set forth above.

5.    Defendants are **ORDERED** to pay the following as a civil monetary penalty:

    a.    Ramirez and GCI shall pay, jointly and severally, a civil monetary penalty in the amount of two million two hundred eighty-five thousand four hundred ninety-three dollars ($2,285,493) ("**CMP Obligation for the GCI Scheme**"), plus post-judgment interest. Post-judgment interest shall accrue on the CMP Obligation for the GCI Scheme beginning on the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Order, pursuant to 28 U.S.C. § 1961 (2012).

    b.    RLI and Ramirez shall pay, jointly and severally, a civil monetary penalty in the amount of five million nine hundred forty-two thousand and five hundred seventy-four dollars ($5,942,574) ("**CMP Obligation for the RLI Scheme**"), plus post-judgment interest. Post-judgment interest shall accrue on the CMP Obligation for the RLI Scheme beginning on the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Order, pursuant to 28 U.S.C. § 1961 (2012). Below, the CMP Obligation for the GCI Scheme and the CMP Obligation for the RLI Scheme are referred to collectively as the "**CMP Obligation**."

    c.    Defendants shall pay their CMP Obligation by electronic funds

transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order.  If payment is to be made other than by electronic funds transfer, then the payment shall be made payable to the Commodity Futures Trading Commission and sent to the address below[3]:

MMAC/ESC/AMK326
Commodity Futures Trading Commission
Division of Enforcement
6500 S. MacArthur Blvd.
Oklahoma City, OK 73169
(405) 954-6569 office
(405) 954-1620 fax
9-AMC-AR-CFTC@faa.gov

If payment by electronic funds transfer is chosen, Defendants shall contact Marie Thorne or her successor at the address above to receive payment instructions and shall fully comply with those instructions. Defendants shall accompany payment of the CMP Obligation with a cover letter that identifies Defendants and the name and docket number of this proceeding. Defendants shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C.

---

[3] This address differs from the address listed in the R&R. (*See* Doc. 60, p. 23.) The address provided in this Order is the address included in the most recent proposed order for the Motion, which the Commission emailed to Magistrate Judge Irick on August 23, 2018.

20581.

6.    The following miscellaneous provisions are also **ORDERED**:

a.    Partial Satisfaction: Acceptance by the Commission or the Monitor of any partial payment of Defendants' Restitution Obligation or CMP Obligation shall not be deemed a waiver of their obligation to make further payments pursuant to this Order, or a waiver of the Commission's right to seek to compel payment of any remaining balance.

b.    Notice: All notices required to be given by any provision in this Order shall be sent by certified mail, return receipt requested, as follows:

Notice to Commission:

Rick Glaser, Deputy Director
U.S. Commodity Futures Trading Commission
Division of Enforcement
1155 21st Street, N.W.
Washington, DC 20581

Notice to the NFA:

Daniel Driscoll, Executive Vice President, COO
National Futures Association
300 S. Riverside Plaza, Suite 1800
Chicago, IL 60606-3447

All such notices to the Commission or the NFA shall reference the name and docket number of this proceeding.

c.    Change of Address/Phone: Until such time as Defendants satisfy in

full their Restitution Obligation and CMP Obligation as set forth in this Order, Defendants shall provide written notice to the Commission by certified mail of any change to their telephone number and mailing address within ten (10) calendar days of the change.

d.   Invalidation: If any provision of this Order or if the application of any provision or circumstance is held invalid, then the remainder of this Order and the application of the provision to any other person or circumstance shall not be affected by the holding.

e.   Injunctive and Equitable Relief Provisions: The injunctive and equitable relief provisions of this Order shall be binding upon Defendants, upon any person under the authority or control of any of the Defendants, and upon any person who receives actual notice of this Order, by personal service, e-mail, facsimile, or otherwise insofar as he or she is acting in active concert or participation with Defendants.

7.   The Clerk is **DIRECTED** to:

a.   Enter default judgment in favor of Plaintiff United States Commodity Futures Trading Commission and against all Defendants; and

b.   Close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on February 5, 2019.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record